IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRIAN CASH,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Cause No. CV 25-03-BLG-DWM<br><br><br>**ORDER** |

On January 7, 2025, Brian Cash ("Cash") filed a handwritten document purporting to be a petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. 1.) Cash is presently incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma. The Court notes that the filing is similar in nature and appears to be prepared by the same individual that drafted the petition filed by Oscar Foster, see *Foster v. United States*, Cause No. CV-24-179-BLG-DWM, Ord. (D. Mont. Jan. 2, 2025)(dismissing matter for lack of jurisdiction), and Cody Sartin, see *Sartin v. United States*, Cause No. CV-25-04-BLG-DWM, Pet. (filed Jan. 7, 2025).

A review of this Court's electronic filing system reveals that Cash has not been convicted of any federal crimes in the District of Montana. According to the Oklahoma Department of Corrections, Cash has several judgments of conviction

out of the Comanche County District Court in Oklahoma.[1]

It is also unclear whether or not Cash has been convicted of any crimes in Montana or Oklahoma tribal court. Cash does make reference, however, to the fact that the Indian status, or non-Indian status, of both a defendant and a victim must be alleged in an indictment, as it is an essential element of a crime. (Doc. 1 at 2-3.) In support of this contention, Cash relies upon *United States v. Prentiss*, 256 F. 3d 971 (10th Cir. 2001). (*Id.*) Cash suggests that in his underlying criminal matter, his Fifth Amendment rights were violated in the same matter as *Prentiss*. (*Id.* at 3.) Cash also asserts the Habeas Corpus Act of 1867 applies to his matter, (*id.* at 2), and that his Sixth Amendment right to counsel, under *Gideon v. Wainwright*, 372 U.S. 335 (1963), has been violated. (*Id.* at 3.)

Cash asks that an order enter directing immediate release from his involuntary placement at the Joseph Harp Correctional Center or, alternatively, that the facility administrator be directed to "produce the body" of Cash before this Court. (*Id.* at 4.)

Under 28 U.S.C. § 2241, a district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. A petition challenging the manner, location, or conditions of a sentence's execution is brought under § 2241

---

[1] *See*, Oklahoma Department of Corrections website: https://okoffender.doc.ok.gov/ (accessed January 8, 2025).

in the custodial court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement. *Hernandez*, 204 F. 3d at 864. To the extent that Cash may intend to seek habeas relief, this Court lacks jurisdiction over a § 2241 petition. Because Cash is incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma, should he wish to proceed in habeas, he should file a § 2241 petition in the Federal District of Oklahoma.

This Court lacks jurisdiction over Cash's § 2241 petition. Thus, reasonable jurists would find no basis to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court makes the following:

### ORDER

1. Cash's petition (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to provide Cash with a form Section 2241 petition along with the service copy of this Order.

3. A Certificate of Appealability is DENIED.

DATED this 9th day of January, 2025.

Donald W. Molloy
United States District Court Judge